Cawthon *v.* Metropolitan Life Ins. Co.

(*Nashville,* December Term, 1935.)

Opinion filed May 2, 1936.

Z. Alexander Looby, of Nashville, for plaintiff in error.

Higgins & Moore, of Nashville, for defendant in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This is a suit to recover double indemnity on a policy of $200 issued by the defendant in error, on January 10, 1927, on the life of Mitchell Cawthon, husband of plaintiff in error. No beneficiary was named in the policy, but it was provided therein that at the death of the insured the company would pay:

". . . To the executor or administrator of the Insured, unless payment be made under the provisions of the next succeeding paragraph.

"The Company may make any payment or grant any non-forfeiture privilege provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this Policy have been satisfied."

The case was tried in the court below on a written stipulation of fact. It appears therefrom that plaintiff in error, in December, 1934, having filed proofs of death of the insured, was paid the sum of $207.75 by the company, and:

That at the time proof of death of the said Mitchell Cawthon was made by the plaintiff, she also claimed double indemnity benefit, under the policy, which claim, it was agreed by and between the plaintiff and a representative of the defendant, should be held in abeyance pending an investigation to be made by the defendant as to the way and manner in which the insured, Mitchell Cawthon, met his death.

"That the defendant made said investigation and reported to the plaintiff in January, 1935, that it denied the claim for double indemnity under the policy on the ground that the insured did not come to his death from accidental means, independent of all other causes, thereupon the plaintiff brought suit to recover said double indemnity benefits."

The trial judge held that plaintiff in error could not prosecute the suit in her individual capacity and dismissed the same. From the judgment of dismissal, plaintiff in error has appealed to this court and assigned errors.

It was held by this court in *Metropolitan Life Ins. Co. v. Chappell,* 151 Tenn., 299, 269 S. W., 21, that under a life insurance policy providing for payment to the executor or administrator of the insured, and containing a facility of payment clause authorizing payment to any one equitably entitled thereto, parents of insured, not being her personal representatives, could not maintain action for payment, as payment under such clause is optional with the insurer.

Admitting the above rule, it is the contention of plaintiff in error that the insurer, having the right to elect to make her payee, and having made its election, is bound thereby.

We think that, when the company elected to pay plaintiff in error the face amount of the policy, she thereby became entitled to receive the double indemnity, if the insured met his death by accidental means. The facility of payment clause has application to the payment of the double indemnity equally with the payment of the face amount of the policy. Having selected plaintiff in error as the payee of the insurance, it became

obligated to pay her the double indemnity, if the company owed it.

Under the agreement made between the parties when the face amount of the policy was paid to plaintiff in error, the claim for double indemnity was "held in abeyance" pending an investigation by the company as to the way and manner the insured met his death. The company did not refuse to pay the double indemnity to plaintiff on the ground that it had not designated her as payee; but payment was held in abeyance pending an investigation to determine its liability therefor on the facts surrounding the death of the insured. After the investigation, the company reported to plaintiff that it denied the claim for double indemnity on the ground that the insured did not come to his death by accidental means. Upon the whole transaction, it clearly appears that the company recognized plaintiff as payee and entitled to receive whatever amount was due under the policy.

Plaintiff's asserted right to the full amount of the insurance owing under the policy is not predicated on any executory contract or agreement to that effect made by some representative of the company that the insurance would be paid to her, provided she kept up the payment of premiums, as in *Shea* v. *United States Industrial Ins. Co.*, 23 App. Div., 53, 48 N. Y. Supp., 548, *La Raw* v. *Prudential Ins. Co. of America*, 56 App. D. C., 199, 12 F. (2d), 140, 49 A. L. R., 935, and other like cases, but is based on an election made after the death of the insured, under which election the company acted and paid her a part of the insurance claimed.

Under the facility of payment clause, the insured consented that the company shall have the right to make

payment of the insurance to any person falling within the description set forth in the clause. This amounted to an agreement that the company could name the payee, if it elected to do so. When the company exercised this power and selected plaintiff as payee, and recognized her as such by paying to her a part of the claim, we think it came too late for the company thereafter to insist that she could not maintain a suit for what she insists is the balance of the insurance due. The election to pay plaintiff was as to the whole of the insurance and not a part.

We feel constrained to reverse the judgment of the trial court and remand the case for further proceedings. Defendant in error will pay the costs of the appeal.